**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FRANKY MAGANA,

Petitioner,

v.

STEPHEN SMITH, Acting Warden,

Respondent.

Case No. CV 21-08420-DMG (DMK)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation ("Report" [Doc. # 56]) of the United States Magistrate Judge.

The Court also has reviewed Petitioner's objections to the Report, filed on October 30, 2025 ("Objections"). [Doc. # 58.] As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in *de novo* review of the portions of the Report to which Petitioner specifically has objected.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice. Petitioner's objections to the Report do not merit any change to the Report's findings or recommendations.

Petitioner objects that habeas relief is warranted on Ground One, in which he claims the trial court erred by denying a continuance to locate a witness, Veronica

Virto. Obj. at 2–5. The California Court of Appeal's rejection of this claim was not objectively unreasonable. [Doc. # 36-1 at 10.] Petitioner "did not establish that Veronica's testimony could be obtained within a reasonable time or at any time." *Id*. "Instead, [Petitioner] could only offer the prospect of further delay while he searched." *Id*. (quoting *People v. Howard*, 1 Cal. 4th 1132, 1171 (1992), *abrogated on other ground as recognized by People v. Rhoades*, 8 Cal. 5th 393, 425 n.12 (2019)). Although Petitioner asserts that he had been diligently searching for this witness for "over two months prior to trial" (Obj. at 2), this does not establish the California Court of Appeal's decision was objectively unreasonable. The State had "pointed out that the defense had three years to serve Veronica, and that trial had already consumed 20 days." [Doc. # 36-1 at 9; *see also* Doc. # 51-13 at 91; Doc. # 51-23 at 58.] In such circumstances, Petitioner's rights were not impaired by the denial of a continuance to locate this witness. *See United States v. King*, 762 F.2d 232, 235 (2d Cir. 1985) ("[The defendant] was advised more than four months in advance of trial that his brother's grand jury testimony had sought to exonerate him in the [charged offenses]. Yet he waited until two court-days before trial to suggest to the district court that he wanted [his brother] to appear as a trial witness. Such tactics provide no basis for a ruling that the district court abused its discretion in denying a continuance to permit the witness to be brought to trial.").

Petitioner objects that habeas relief is warranted on Ground Two, in which he claims that his trial counsel was ineffective for not moving to admit Veronica Virto's grand jury testimony. Obj. at 6–8. "At the grand jury proceeding, Veronica testified that [the victim], her nephew, displayed a handgun to her the day prior to his murder and stated that he had been tasked with taxing drug dealers. Virto also stated that the handgun belonged to 'Fat Boy' (Renteria, Jr.)." [Doc. # 36-1 at 9; *see also* Doc. # 51-19 at 62–64.] The California Court of Appeal's rejection of this claim, for lack of prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), was not objectively unreasonable. [Doc. # 36-1 at 11.] Petitioner had "not

established a reasonable probability that admission of Veronica's grand jury testimony would have resulted in a different outcome. Scientific evidence established that [the victim's] DNA was on the grip and trigger of the Taurus handgun that [Petitioner] tossed during the police pursuit. The evidence that [the victim] displayed a handgun to Veronica the day before he was killed would have been cumulative to the scientific evidence. It is extremely unlikely the evidence that Renteria, Jr. gave the handgun to [the victim] or that [the victim] was tasked with collecting taxes would have made a difference in the outcome of the trial." *Id*. A state court's finding, such as the finding by the California Court of Appeal, that testimony was cumulative of evidence the jury heard is entitled to a presumption of correctness that must be rebutted with clear and convincing evidence. *See Weissman v. Clark*, 2025 WL 1177521, at *3 (9th Cir. 2025); *Morrow v. Warden*, 886 F.3d 1138, 1152 (11th Cir. 2018); *James v. Bowersox*, 187 F.3d 866, 871 (8th Cir. 1999). Petitioner's conclusory objection that Ms. Virto's testimony was "unique" Obj. at 7 is insufficient.

Petitioner objects that habeas relief is warranted on Ground Three, in which he claims that the trial court erred by failing to instruct the jury on voluntary manslaughter based on heat of passion. Obj. at 8–12. The California Court of Appeal's rejection of this claim was not objectively unreasonable. [Doc. # 36-1 at 15.] The California Court of Appeal found that the instruction was not supported by sufficient evidence because Petitioner offered "only speculation as to provocation or a killing executed in rage. There is no evidence or reasonable inferences therefrom that [the victim] was the initial aggressor or that Renteria, Jr. provoked Ruiz and [Petitioner] an hour prior to the killing." *Id.* (internal citation omitted). This finding is entitled to a presumption of correctness. Report at 21 (citing *Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005)). Petitioner's objection that the omission of the heat-of-passion instruction impermissibly created "the risk of a jury convicting on a greater offense [of murder] despite harboring

reasonable doubt, simply due to a lack of alternatives" (Obj. at 9), is inconsistent with the record. The jury did have the alternative of convicting Petitioner of the lesser-included-offense of voluntary manslaughter based on a theory of imperfect self-defense (Doc. # 51-13 at 52, 126–27, 150; Doc. # 51-17 at 114–15) but rejected that alternative.

Petitioner objects that habeas relief is warranted on Ground Four, in which he claims that cumulative prejudice from multiple trial court errors prejudiced the outcome of the case. Obj. at 12–14. The California Court of Appeal's rejection of this claim, because "there is no error to cumulate," was not objectively unreasonable. [Doc. # 36-1 at 16.] As discussed, neither of the errors that Petitioner asserts – the refusal to instruct the jury on voluntary manslaughter based on heat of passion and the denial of a defense continuance to locate Veronica Virto (Obj. at 12–13) – resulted in a violation of Petitioner's constitutional rights during trial. Thus, no cumulative prejudice was possible. Report at 23–24.

Petitioner objects that habeas relief is warranted on Ground Five, in which he claims that the trial court erred in denying his motion for information from the personnel records of Officer Rothermel, brought under *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974), *superseded by statute as stated by People v. Mooc*, 26 Cal. 4th 1216, 1219–20 (2001). Obj. at 14–16. The California Court of Appeal's rejection of this claim was not objectively unreasonable. [Doc. # 36-1 at 16.] The California Court of Appeal found that the trial "court did not abuse its discretion by concluding that there was no relevant evidence to be disclosed." *Id*. Petitioner's objection that he was denied "access to potentially impeaching material" about Officer Rothermel, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and the Confrontation Clause (Obj. at 15–16), is unavailing. Petitioner's speculation that such impeachment evidence existed is not sufficient to establish prejudice under *Brady*. Report ECF No. 56 at 26 (citing *Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012).) Nor is such claim cognizable under the Confrontation Clause. *See*

*Fenenbock v. Director of Corrections for California*, 692 F.3d 910, 916 n.5 (9th Cir. 2012) (no clearly established federal law providing right to pretrial discovery under Confrontation Clause); *United States v. Navarro*, 737 F.2d 625, 630 (7th Cir. 1984) ("Defendants' reliance on the Sixth Amendment in its present context, however, is totally misplaced. . . . The right of cross-examination guaranteed by the Sixth Amendment . . . does not include a right of access to the [government's] files in order to search for impeachment material.").

Petitioner objects that habeas relief is warranted on Ground Six, in which he claims that his trial counsel was ineffective in several respects. Obj. at 16–21. The Ventura County Superior Court's rejected this claim when Petitioner raised it in a habeas petition. [Doc. # 17-1 at 822–25.] The gravamen of the Superior Court's decision was that, on habeas review, "even with the benefit of hindsight, additional time and investigative resources, and the ability to hire newly retained experts, Petitioner does not offer any new evidence (exculpatory or otherwise) or newly articulate a viable defense which could have been used at trial to obtain a more favorable outcome. [Petitioner] offers essentially nothing more than what was already in the record of conviction." *Id*. at 823. Petitioner has not shown that the Superior Court's decision was objectively unreasonable.

Specifically, Petitioner objects that his counsel was ineffective for failing to argue that the blunt-force head injuries the victim sustained before he died were a result of a fall, rather than from being pistol-whipped by Petitioner and by Ruiz, his co-defendant. Obj. at 17. Such an argument would have shown, according to Petitioner, self-defense or imperfect self-defense. *Id*. As the Superior Court found, however, Petitioner failed to establish how this argument "meaningfully impacts the case. The victim died from seven gunshot wounds in his back, not a head injury. . . . [Petitioner] does not claim that [the] victim's head injuries were an element of any charge or allegation. The issue appears immaterial." [Doc. # 17-1 at 823.] Counsel's failure to emphasize an immaterial point was not ineffective

assistance. Report at 30–31.

Petitioner objects that his counsel was ineffective for failing to locate Veronica Virto to testify at trial or to have her prior testimony admitted. Obj. at 17–18. As to counsel's failure to locate this witness, the Superior Court found that "Petitioner makes no claim that additional efforts to locate Ms. [Virto] would have been successful, and fails to show that efforts to compel her attendance at trial would have fared any better. Petitioner does not allege, even now, that he knows or knew the location of Ms. Virto." [Doc. # 17-1 at 824.] And because Petitioner did not know Ms. Virto's location or what efforts would have been reasonable to locate her, his characterization of counsel's efforts as "grossly inadequate" (Obj. at 18) is speculative. "Such speculation is plainly insufficient to establish prejudice." *Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008); *see also Jackson v. Calderon*, 211 F.3d 1148, 1155 (9th Cir. 2000) (mere speculation about the existence of helpful evidence "would be to presume prejudice solely from counsel's deficient performance, which *Strickland* says we may not do"). As for counsel's failure to have Ms. Virto's prior testimony from the grand jury proceeding admitted at trial, the Superior Court found, as the California Court of Appeal did previously, that the grand jury testimony was "cumulative" of scientific evidence that was presented to the jury. [Doc. # 17-1 at 824.] This finding is entitled to a presumption of correctness that Petitioner has failed to rebut. Petitioner's conclusory argument that Ms. Virto's grand jury testimony was "uniquely valuable" (Obj. at 17) is insufficient.

Petitioner objects that his counsel was ineffective for failing to object when the trial court denied a request for a jury instruction on voluntary manslaughter based on provocation. Obj. at 18–19. According to Petitioner, the failure to object allegedly violated Petitioner's right to effective assistance because "[t]he jury was left with an all-or-nothing choice between second-degree murder or acquittal, without the legally required intermediate option." *Id*. at 19. This argument is

contrary to the record. The jury did have the intermediate option of convicting Petitioner of the lesser-included-offense of voluntary manslaughter based on a theory of imperfect self-defense (Doc. # 51-13 at 52, 126–27, 150; Doc. # 51-17 at 114–15) but rejected that option.

Petitioner objects that his counsel was ineffective for failing to further investigate the victim's affiliation with the Crimies gang. Obj. at 19. The jury did hear evidence of the victim's affiliation: the victim's attendance at a barbecue at the home of a Crimies gang member on the night of his murder showed his association with Crimies gang members, and the victim resembled a Crimies gang member named Rene Parra. [Doc. # 51-10 at 1718–19; Doc. # 51-11 at 7; Doc. # 51-13 at 28, 183–84.] As the Superior Court found, "[t]he extent of [the victim's] association or membership with the 'Crimies' criminal street gang was considered by the jury. Petitioner does not show that additional information is either available or material, let alone that the failure to present it was prejudicial. It has not been adequately alleged how the nature and extent of [the victim's] criminal relationship with the 'Crimies' could reasonably ameliorate Petitioner's criminal liability." [Doc. # 17-1 at 824–25.] Petitioner's assertion that further investigation into the victim's gang affiliation would have produced something helpful to the defense (Obj. at 19) is speculative and fails to show prejudice. *See Gonzalez*, 515 F.3d at 1016; *Jackson*, 211 F.3d at 1155.

Petitioner objects that his counsel was ineffective for failing to consult expert witnesses, such as firearm experts. Obj. at 20. As the Superior Court found, Petitioner "fails to identify any experts willing to testify in this case or to provide their conclusions. There is no evidence that those experts exist at all or that they would testify differently than the experts at trial. Petitioner's hypothetical experts cannot serve as the basis for an ineffective assistance of counsel claim." [Doc. # 17-1 at 825.] It is well-established that Petitioner cannot meet his burden of showing ineffective assistance with speculation about what experts would have

said. Report at 33–34 (citing *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001), *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997), and *Dows v. Wood*, 211 F.3d 480, 487-87 (9th Cir. 2000)). Petitioner's assertion that expert witnesses would have "supported the defense narrative" (Obj. at 20) is speculative.

Petitioner objects that his counsel was ineffective for failing to investigate witnesses. Obj. at 20. As the Superior Court found, the fact that this claim "is supported exclusively with citations to the Report's Transcript is illuminating. Apparently, Petitioner and habeas counsel have been unable to discover any additional exculpatory evidence. Accordingly, the nature of trial counsel's failure is unclear. If [Petitioner's] claim had any modicum of factual support, it was incumbent upon Petitioner to provide that evidence with the Petition. No new exculpatory evidence, of any weight whatsoever, is offered." [Doc. # 17-1 at 825.] Petitioner has not shown that this finding was objectively unreasonable. Petitioner's speculation that witnesses "could have offered insight" (Obj. at 20) is insufficient.

Petitioner objects that his counsel was ineffective for failing to communicate with him. Obj. at 21. As a result, Petitioner allegedly "was kept uninformed about the progress of the case, unable to participate meaningfully in his defense, and unaware of critical evidentiary issues." *Id*. This vague objection is insufficient. As the Superior Court found, "[t]here is no evidence that better communication (in whatever form allegedly lacking) would have beneficially changed the result of the prosecution in Petitioner's favor." [Doc. # 17-1 at 825.] The finding was not objectively unreasonable. A claim of inadequate communication with counsel cannot be resolved in Petitioner's favor "from a silent record or by engaging in fanciful speculation." *United States v. Rogers*, 769 F.2d 1418, 1425 (9th Cir. 1985); *see also United States v. Lucas*, 873 F.2d 1279, 1280 (9th Cir. 1989) (no prejudice from alleged lack of consultation with counsel where the defendant "does not allege what purpose additional consultation" with counsel would have served).

The Objections lack merit for the reasons stated in the Report and Recommendation. The Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: July 15, 2026

Dolly M. Gee

DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE